TAUNTON REDEVELOPMENT ASSOCIATES vs. BOARD OF
ASSESSORS OF TAUNTON.

Suffolk.   September 14, 1984. — November 13, 1984.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Value. Taxation,* Real estate tax: value, assessment.

In a proceeding before the Appellate Tax Board brought by a taxpayer seek-
ing an abatement of local real estate tax, in which the board used the
capitalization of income approach to determine the fair market value of
property classified as commercial under a newly implemented classifica-
tion system and assessed at 50% of its fair cash value, the board properly
applied a tax factor which reflected actual tax rather than the preclassifi-
cation effective tax rate. [295-296]

APPEAL from a decision of the Appellate Tax Board.

*David T. Gay* for the Board of Assessors of Taunton.

*Richard L. Wulsin* for the taxpayer.

LYNCH, J. The board of assessors of Taunton (assessors)
appeals from a decision of the Appellate Tax Board (board)
granting a tax abatement to Taunton Redevelopment Associates
(taxpayer). The issue raised on appeal is what tax factor is
appropriate when using the capitalization of income approach
to value property classified as commercial and assessed at 50%
of fair cash value. The assessors argue that the board improperly
applied a tax factor reflective of actual taxes. They contend
that the appropriate tax factor to determine the value of the
property on January 1, 1979, under a newly implemented class-
ification system, was the preclassification effective tax rate.

We conclude that the board did not err in applying a tax
factor which reflected actual taxes and that when using the
capitalization of income approach to value property in a class-
ified system, the appropriate tax factor is the actual tax rate.

The taxpayer was the assessed owner on January 1, 1979,
of a neighborhood shopping mall at 1 Washington Street in

Taunton. The shopping mall is located a short distance from downtown Taunton and is improved by three attached, one-story structures, including a Bradlees store, a Stop & Shop store, and a satellite store area. The property consisted of two parcels of land, Lots 7A and 7AA, containing 693,112 and 79,235 square feet, respectively. The attached structures are of typical light, fire resistant commercial construction and were built in 1973. The assessors valued Lot 7A as of January 1, 1979, at $1,499,500 and assessed a tax for fiscal year 1980 at the rate of $116 per $1,000 for a total of $173,942. The assessors valued Lot 7AA as of January 1, 1979, at $29,715 and assessed a $3,446.94 tax for fiscal year 1980, also at the rate of $116 per $1,000. The taxpayer appealed these assessments to the board. The board found that the properties were overvalued, and granted abatements totaling $20,498.94.

The parties agree with the board's determination that the capitalization of income approach is appropriate to value the property, and do not appeal the board's application of a 12% capitalization rate. The parties disagree, however, as to the appropriate tax factor to be applied in determining the fair cash value of the property.

As of January 1, 1979, the city of Taunton was certified by the Commissioner of Revenue to assess all property according to use. St. 1978, c. 580. The taxpayer's property was classified as Class Two (commercial) and assessed at 50% of fair cash value. The Commissioner approved a tax rate of $116 per $1,000 on November 16, 1979. Since this property was commercial and assessed under the classification system at 50% of fair cash value, the equivalent tax rate was 50% of $116 or $58 per $1,000 (5.8%).

The assessors argue that the tax factor to be applied in capitalizing income should reflect the preclassification effective tax rate, rather than the commercial classification tax rate of 5.8%. If the preclassification tax rate is applied, the tax factor is lower and the taxpayer's taxes are correspondingly higher. See *Alstores Realty Corp.* v. *Assessors of Peabody,* 391 Mass. 60, 70 n.19 (1984). The assessors contend that an equalized tax rate of 3.655% is appropriate. They computed this by

dividing the total taxes assessed by the city for fiscal year 1980 by the fair cash value of all property in the city as of January 1, 1979, as determined by the appraisal firm that assisted the assessors in the revaluation. The assessors contend that use of the preclassification tax rate, and the resulting imposition of higher taxes upon the taxpayer, is consistent with the purpose of the classification scheme, St. 1978, c. 580, to shift the burden of real estate taxes from residential taxpayers to commercial and industrial taxpayers. They argue that the classification scheme must be considered in the nature of a surtax over and above the fair cash value concept.

We can find no basis for applying any tax factor in this case other than one reflective of actual taxes, and the assessors cite no authority in support of their theory to the contrary.

The standard to be used in determining fair cash value is well known and without dispute. It is the "fair market value, which is the price an owner willing but not under compulsion to sell ought to receive from one willing but not under compulsion to buy." *Boston Gas Co.* v. *Assessors of Boston,* 334 Mass. 549, 566 (1956).

The capitalization of income approach is one of the accepted approaches to value real estate and is frequently applied with respect to income-producing property such as this shopping mall. See *Blakeley* v. *Assessors of Boston,* 391 Mass. 473, 477 (1984); *Correia* v. *New Bedford Redevelopment Auth.,* 375 Mass. 360, 362 (1978). The capitalization rate should reflect the return on investment necessary to attract investment capital. See *General Dynamics Corp.* v. *Assessors of Quincy,* 388 Mass. 24, 34 (1983). In valuing real estate for tax purposes under the capitalization of income approach, real estate taxes are usually accounted for by use of an effective tax factor in the capitalization rate. *Assessors of Lynnfield* v. *New England Oyster House, Inc.,* 362 Mass. 696, 700 n.2 (1972).

"The purpose of a tax factor, in a formula for capitalizing earnings, is to reflect the tax which will be payable on the assessed valuation produced by the formula." *Assessors of Lynn* v. *Shop-Lease Co.,* 364 Mass. 569, 573 (1974). See *Alstores Realty Corp.* v. *Assessors of Peabody,* 391 Mass. 60,

70 & n.19 (1984); *Assessors of Lynnfield* v. *New England Oyster House, Inc., supra.* If the property is assessed at full value, then the effective tax rate is the actual tax rate. See *Assessors of Lynn* v. *Shop-Lease Co., supra* at 572-573 (finding that the Appellate Tax Board "committed an error of law in using a tax factor which failed to reflect the tax which would be payable as the result of its decision"). This is consistent with principles underlying use of the capitalization of income approach which is to reflect the value of the property to investors. Furthermore, "[w]here the fair cash value determined by capitalization of earnings is to be reduced in arriving at the assessed valuation, the tax factor must be proportionately reduced." *Id.* at 573.

The taxpayer's property was assessed at 50% of fair cash value. The proper tax rate is, therefore, 50% of $116, or $58 per $1,000. We can find no justification for applying a tax rate other than that reflective of actual taxes. The city of Taunton chose to implement a classification system effective in fiscal year 1980, the tax year at issue. When taxes are assessed under this system by the capitalization of income approach, the appropriate tax factor is the actual tax rate.

*Decision of the Appellate*
*Tax Board affirmed.*